Martin F Casey (MFC-1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
DIPROMAS SRL

        Plaintiff,

   - against -

COMPANIA SUDAMERICANA de VAPORES
S.A., and G&G INTERNATIONAL, INC.

        Defendants.
-----------------------------------------------------------X

JUDGE SWAIN

08 Civ. 1590

**COMPLAINT**

Plaintiff, by its attorneys, CASEY & BARNETT, LLC, as and for its Complaint, alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Jurisdiction and venue are predicated upon 28 U.S.C. § 1333, and 28 U.S.C. § 1367.

3. Plaintiff, DIPROMAS SRL, is a corporation with a place of business located at La Rioja 1024, 5900 Villa Maria, Argentina and is the cargo consignee and owner of a consignment of electronic goods, as more fully described below.

4. Defendant, COMPANIA SUDAMERICANA de VAPORES S.A. (hereinafter "CSAV") is a corporation, with a place of business located at 99 Wood Avenue South, Iselin,

New Jersey 08830, was and is doing business in this jurisdiction directly and/or through an agent, and at all times was acting in the capacity of a common carrier.

5.  Defendant, G7G INTERNATIONAL, INC. (hereinafter "G&G"), is a corporation with a place of business located at 1382 NW 78 Avenue, Miami, Florida 33126, was and is doing business in this jurisdiction directly and/or through an agent, and at all times was acting in the capacity of a non-vessel owning common carrier (NVOCC).

6.  Plaintiff was the consignee, owner and/or assured of the consignment hereinbelow described and brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

7.  In October 2006 M&M Internacional SA contracted with G&G to transport a consignment of Electronics from Miami to Buenos Aires, Argentina. G&G thereafter subcontracted the actual transportation of the consignment from the port of Miami to the port of Buenos Aires to defendant CSAV.

8.  On or about October 19, 2006, G&G's trucker picked up plaintiff's consignment of 1364 cartons and one pallet of Electronics from the shipper's warehouse, loaded same into container numbered TTNU 3565890 for transportation to the port of Miami.

9.  Unbeknownst to plaintiff, defendant G&G ordered its trucker to pick up a second consignment of goods from a separate shipper in Miami. The integrity of the container and plaintiff's consignment was therefore compromised by defendant G&G.

10.  On or about October 19, 2006 the aforementioned container was delivered to the port of Miami into the custody and control of defendant CSAV with seal number 254744.

11. On or about October 29, 2006 the aforementioned container was laden on board the vessel M/V CAP SAN RAPHAEL in Miami, Florida for transportation to Buenos Aires, Argentina pursuant to CSAV bill of lading number L8AO63984 dated October 29, 2006 and pursuant to G&G bill of lading number MIABUE06-501 dated October 26, 2006.

12. The vessel arrived in Buenos Aires on or about November 15, 2006 at which time the aforementioned container was discharged.

13. When the container was discharged and inspected, it was ascertained that the seal number on the container was different than the seal that was on the container upon its delivery to CSAV in the port of Miami. Upon inspection of the container, it was ascertained that certain of the goods, valued at $65,000, were missing.

15. The shortage to the consignment of electronics was the result of the negligence, breach of contract and lack of care by defendants and / or their agents, without any negligence on the part of the shipper.

16. By reason of the foregoing, Plaintiff has been damaged in the amount of $65,000.00, no part of which has been paid, although duly demanded.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

3.  That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       February 15, 2008
       289-03

                                          **CASEY & BARNETT, LLC**
                                        Attorneys for Plaintiff

By: _____
      Martin F Casey (MFC-1415)
      317 Madison Avenue, 21st Floor
      New York, New York 10017
      (212) 286-0225